# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| MICHELLE CARROLL, on behalf of J.W., a minor child, | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 19-1125V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Interim Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | | |

Jessica Ann Wallace, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On August 2, 2019, Michelle Carroll ("Petitioner") filed a petition in the National Vaccine Injury Program[2] on behalf of J.W., a minor child, alleging that as a result of receiving the pneumococcal conjugate ("PCV13"), Haemophilus influenzae type B ("Hib") (abbreviated in the record as HIB-PRP-T), inactivated poliovirus ("IPV"), diphtheria-tetanus-acellular pertussis ("DTaP"), and rotavirus vaccines on August 3, 2016, and PCV13 and rotavirus vaccines on October 11, 2016, J.W. suffered injuries including encephalopathy with residual seizure disorder and global developmental delay. Petition at Preamble (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 6, 2022, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Oct. 6, 2022 (ECF No. 86). Petitioner's request can be summarized as follows:

**Fees** – $71,945.80
**Costs** – $78,478.75

Petitioner thus requests a total of $150,424.55. Respondent filed a response on October 14, 2022, stating that "[R]espondent defers to the Special Master to determine whether [P]etitioner has met the legal standard for an interim fees and costs award" and "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Oct. 14, 2022, at 2 (ECF No. 87).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $138,091.75 in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Respondent does not dispute this. Resp. Response at 2 n.1. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable

hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Jessica A. Wallace – Attorney**
    2018: $195.00
    2019: $205.00
    2020: $231.00
    2021: $241.00
    2022: $275.00

**Debra Gambella – Attorney**
    2021: $380.00

**Charice Holtsclaw – Attorney**
    2022: $425.00

**Daisy Mazoff – Attorney**
    2022: $375.00

**Paralegals**
    2018: $145.00
    2019: $150.00
    2020: $156.00
    2021: $162.00
    2022: $174.00

    The undersigned finds the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) (awarding Ms. Wallace's rates and the paralegals' rates for 2018-2022); Phillips v. Sec'y of Health & Hum. Servs., No. 18-015V, 2021 WL 5854073, at *2 (Fed. Cl. Spec. Mstr. Nov. 5, 2021) (awarding Ms. Wallace's rates for 2018-2021); Humphries v. Sec'y of Health & Hum. Servs., No. 17-288V, 2021 WL 5444097, at *3 (Fed. Cl. Spec. Mstr. Oct. 26, 2021) (awarding Ms. Gambella's 2021 rate and Ms. Wallace's 2020-2021 rates); Aagotnes v. Sec'y of Health & Hum. Servs., No. 18-631V, 2021 WL 815916, at *3 (Fed. Cl. Spec. Mstr. Jan. 14, 2021) (awarding Ms. Wallace's 2018-2019 rates). The undersigned will therefore award the rates requested for Ms. Wallace, Ms. Gambella, and the paralegals.

    While Ms. Holtsclaw's and Ms. Mazoff's rates have not been set in other Program cases, their requested rates are consistent with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule. Petitioner indicated Ms. Holtsclaw has been a practicing attorney for 17 years and Ms. Mazoff has been a practicing attorney for 11 years. Pet. Mot. at 27-28. Both attorneys performed work on the matter in 2022. Id. The 2022 Forum Hourly Rate Fee Schedule provides that an attorney with 11-19 years of experience can be awarded a rate of $366.00-458.00 per hour. Therefore, the undersigned will award the rates requested for Ms. Holtsclaw and Ms. Mazoff.

        **2.**    **Reduction of Billable Hours**

    The undersigned has reviewed the submitted billing entries and finds a reduction necessary for several reasons. First, there are various billing entries for administrative tasks,

including preparing and filing exhibits and downloading and saving files.[3]  Some of these administrative tasks were done by an attorney at an attorney rate and not at a paralegal rate.[4] "While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal."  Paul, 2023 WL 1956423, at *3.  "Clerical and secretarial tasks should not be billed at all, regardless of who performs them."  Id.; see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").  The undersigned will not compensate Petitioner for any administrative tasks such as filing and downloading documents, resulting in a reduction of $791.00.[5]  The undersigned will reduce the hourly rate to the paralegal rate for substantive non-attorney-level work.  This is a reduction of $360.40.[6]

Next, some of these administrative tasks were duplicative and/or excessive.[7]  The same is true for substantive tasks.  For example, the undersigned found two instances where both an attorney and a paralegal billed for the same phone call, resulting in duplicative billing.[8]  The

---

[3] For example, see entries dated December 10, 2018 ("file records and correspondence"), January 23, 2019 ("received and internally filed medical records"), August 2, 2019 ("filed petition and supporting documents"), July 29, 2019 ("download and internally file medical records"), July 23, 2020 ("file expert report" and medical literature); July 23, 2021 ("download and save" ECF documents), July 26, 2021 (same), August 25, 2021 (same), September 6, 2022 ("upload and save docket report to file").

[4] These entries are dated August 24, 2021 (Ms. Wallace billed $241.00 per hour to "prepare cover sheets and footers," for one hour); September 8, 2022 (Ms. Mazoff billed $375.00 per hour to "compile packet of exhibits," for 1.40 hours).

[5] ($150.00 x 0.50 hours) + ($205.00 x 0.10 hours) + ($205.00 x 1.0 hours) + ($150.00 x 0.20 hours) + ($156.00 x 2.40 hours) + ($162.00 x 0.10 hours) + ($162.00 x 0.10 hours) + ($162.00 x 0.10 hours) + ($375.00 x 0.10 hours) = $791.00.  See supra note 3.

[6] (($241.00 - $162.00) x 1.0 hours) + (($375.00 - $174.00) x 1.40 hours) = $360.40.

[7] These entries are dated July 29 and 30, 2019 (the same paralegal billed 1.50 hours one day and 3.40 hours the next day for "check pin cites and review petition and exhibits to be filed"); July 31 and August 1, 2019 (the same paralegal billed 1.30 hours one day and 2.30 hours the next day for "prepare exhibits to be filed with petition"); August 2, 2019 (paralegal spent 1.60 hours to prepare and mail the petition to Respondent); March 8, 2022 (paralegal billed 2.30 hours to "gather, prepare, and send ECF filings to expert"); June 7, 2022 (paralegal double billed for revising exhibit list).

[8] On July 12, 2019, Ms. Wallace billed 0.30 hours for "phone call with P. Chen" and Ms. Chen billed 0.30 hours for "telephone call with J. Wallace" regarding records requests.  On July 31, 2019, Ms. Wallace billed 0.50 hours for "phone call with P. Chen" and Ms. Chen billed 0.50 hours for "telephone call with J. Wallace" regarding filing procedures.

undersigned will only compensate for half of this time resulting in a reduction of $1,134.40.[9]  On one occasion, a paralegal billed 2.60 hours for "review petition, affidavit w[ith] [attorney] J. Wallace," and Ms. Wallace also completed an entry for 3.00 hours for that task on the same day.[10]  The paralegal's 2.60 hours will be excluded from the compensation calculation, for a reduction of $390.00.  Similarly, a paralegal billed two separate entries for tasks, then one combined entry for the same tasks, resulting in duplicative billing.[11]  The undersigned will exclude compensation for the combined entry resulting in a reduction of $522.00.[12]

Lastly, the undersigned found Ms. Wallace billed her full rate of $205.00 per hour for 2.50 worth of travel, instead of the appropriate one-half rate.  See Paul, 2023 WL 1956423, at *3 (citing Scott v. Sec'y of Health & Hum. Servs., No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) ("Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.").  There is no evidence she spent time on substantive work during this travel.  This results in a reduction of $256.25.[13]

The undersigned also warns counsel about block billing.  For example, Ms. Wallace billed one entry for "draft and file notice of intent to remain in the program" and one entry for "revising filing of additional medical records" and "upload and file exhibits."[14]  And a paralegal billed single entries for downloading and reviewing documents.[15]  These entries constitute block billing and contain noncompensable administrative tasks such as filing.

### B. Attorneys' Costs

Petitioner requests $78,478.75 for expenses incurred including $1,818.75 to cover miscellaneous costs, such as obtaining medical records, Fed Ex costs, research fees, and the filing fee; and $76,660.00 for work performed by pediatric neurologist Dr. Yuval Shafrir,

---

[9] ($225.00 + $510.00 + $195.00 + $345.00 + $240.00 +$400.20 + $34.80 + $34.80 + $45.00 + $61.50 + $75.00 + $102.50) ÷ 2 = $1,134.40.  See supra notes 7-8.

[10] These entries were dated July 19, 2019.

[11] These entries were dated April 29, 2022 (two separate entries of 1.10 hours and 2.10 hours for drafting cover pages for different expert reports and references, then one combined entry of 3.0 hours for preparing expert reports and references, totaling 6.20 hours).

[12] $174.00 x 3.0 hours = $522.00.

[13] ($205.00 ÷ 2) x 2.50 hours = $256.25.

[14] These entries were from March 3, 2020 and October 29, 2019.  See also entries dated August 24, 2021 (one entry for drafting a document and faxing that same document); July 29, 2021.

[15] For example, see entries dated July 8, 2022 ("download petition and outline review"); July 14, 2022 ("download and review").

neurologist Dr. Lawrence Steinman, and immunologist Dr. Omid Akbari. Pet. Mot., Exhibits ("Exs.") 6-8.

Petitioner requests $44,100.00 for work performed by Dr. Shafrir at a rate of $450.00 per hour. Pet. Mot. at 30; Pet. Mot., Ex. 6. Dr. Shafrir has consistently been awarded a rate of $350.00 per hour since beginning his work as an expert in the Vaccine Program in 1996. See Kinney v. Sec'y of Health & Hum. Servs., No. 18-1522V, 2022 WL 17968792, at *3 (Fed. Cl. Spec. Mstr. Dec. 7, 2022); Pet. Mot. at 30. But Petitioner argues that even with an increase, Dr. Shafrir's rate is still lower than what other comparable experts in the Program are often awarded. Pet. Mot. at 30; see Worcester v. Sec'y of Health & Hum. Servs., No. 16-1641V, 2022 WL 3369714 (Fed. Cl. Spec. Mstr. July 13, 2022) (awarding pediatric neurologist Dr. Kinsbourne an hourly rate of $500.00); Switzer v. Sec'y of Health & Hum. Servs., No. 18-1418V, 2022 WL 774712 (Fed. Cl. Spec. Mstr. Jan. 25, 2022) (awarding pediatric neurologist Dr. Shoenfeld an hourly rate of $500.00). Moreover, Respondent did not object to the requested rate. See Resp. Response at 1-3.

In 2022, a special master denied Petitioner's request to award Dr. Shafrir an hourly rate of $450.00 but noted "it is entirely possible that a rate increase might be justified in a later filing for future work." Kinney, 2022 WL 17968792, at *3. However, in that case, Petitioner did not provide any argumentation to support an increase in Dr. Shafrir's usual $350.00 rate. Id. More recently, in February 2023, a special master granted Petitioner's request to award Dr. Shafrir an increased rate of $450.00 per hour. Paul, 2023 WL 1956423, at *4. The special maser reasoned that given Dr. Shafrir's "familiarity and longevity with the Program as well as his active clinical and academic practice," Dr. Shafrir's rate should be increased as requested to $450.00 per hour for work done in 2021 and 2022 to be "more in line with other pediatric neurologists who serve as experts for petitioners in the Program." Id. But the special master awarded $350.00 per hour for his work done in 2020. Id. The undersigned agrees. Because Dr. Shafrir performed work on this case in 2019, 2020, and 2022, the undersigned will award an hourly rate of $450.00 for 2022, and $350.00 for 2019-2020, consistent with what he has been awarded in the past for those years.

Dr. Shafrir spent 98.0 hours reviewing medical records, correspondence, medical literature, and preparing two expert reports. Pet. Mot., Ex. 1 at 2-3. The total amount billed is more than what is typically seen billed. See Kinney, 2022 WL 17968792, at *3 (noting Dr. Shafrir billed approximately 94.0 hours for three expert reports). However, given this case's complexity, the undersigned finds this amount of time to be reasonable. Therefore, the amount to be awarded for Dr. Shafrir will be reduced to $39,800.00 to conform with the adjusted hourly rates.[16]

Petitioner requests $3,300.00 for work performed by Dr. Steinman at a rate of $550.00 per hour for six hours spent reviewing medical records.[17] Pet. Mot. at 31; Pet. Mot., Ex. 7. This

---

[16] ($350.00 x 43.0 hours = $15,050.00) + ($450.00 x 55.0 hours = $24,750.00) = $39,800.00.

[17] Dr. Steinman did not provide an expert report in this case.

rate has previously been found reasonable. See Humphries, 2021 WL 5444097, at *4; Mason v. Sec'y of Health & Hum. Servs., No. 17-1383V, 2022 WL 4693380, *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022); Le v. Sec'y of Health & Hum. Servs., No. 16-1078V, 2023 WL 2054467, at *4 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The undersigned finds the requested rate of $550.00 to be reasonable and will award this cost in full.

Petitioner requests $29,260.00 for work performed by Dr. Akbari at a rate of $550.00 per hour. Pet. Mot. at 32-33; Pet. Mot., Ex. 8. However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Paul, 2023 WL 1956423, at *4; Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, instead compensating him at $500.00 per hour. Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020).

To support a higher rate than Dr. Akbari has previously been awarded, Petitioner cites to M.M. in which Dr. Akbari's hourly rate of $550.00 per hour was found to be excessive and was instead awarded $500.00 per hour. Pet. Mot. at 34. Petitioner attempts to distinguish this case by noting that most of the work done by Dr. Akbari in M.M. was in 2019 and therefore requests a rate of $550.00 per hour for work Dr. Akbari did in this case in 2022. Id. However, some of Dr. Akbari's work in M.M. was performed in 2020, 2021, and 2022, in addition to 2019. Petitioner also references Dr. Akbari's agreement with another attorney for a rate of $750.00 per hour in a non-Program case. Pet. Mot. at 33; Pet. Mot., Ex. 9. The undersigned finds both arguments unpersuasive.

Accordingly, the undersigned finds that $500.00 per hour, as has been consistently awarded to Dr. Akbari including for work in 2022, to be an appropriate hourly rate.[18] Dr. Akbari spent 53.2 hours reviewing medical records, medical literature, and preparing an expert report. Given the complexity of this case, the undersigned finds this amount of time to be reasonable. Therefore, the amount to be awarded for Dr. Akbari will be reduced to $26,600.00 to conform with the $500.00 hourly rate.[19]

No documentation was submitted for the $1,818.75 paid for obtaining medical records, Fed Ex costs, research fees, and the filing fee. Pet. Mot., Ex. 1 at 44-45. Therefore, the undersigned will not compensate for this amount at this time. Petitioner may request these costs in her final fees motion with supporting documentation.

---

[18] The undersigned will reconsider Dr. Akbari's hourly rate in the future for work performed in 2023.

[19] $500.00 x 53.2 hours = $26,600.00

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her attorneys as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 71,845.80 |
| Reduction of Attorneys' Fees: | - ($ 3,454.05) |
| Awarded Attorneys' Fees: | $ 68,391.75 |
| | |
| Requested Attorneys' Costs: | $ 78,478.75 |
| Reduction of Attorneys' Fees: | - ($ 8,778.75) |
| Awarded Attorneys' Costs: | $ 69,700.00 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 138,091.75** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $138,091.75, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Jessica Wallace.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[20]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[20] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.