# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: July 28, 2026

CORRECTED

| | | |
|---|---|---|
| MICHELLE CARROLL, on behalf of J.W., a minor child, Petitioner, | * | No. 19-1125V |
| v. | * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Attorneys' Fees and Costs |

Jessica Wallace, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 2, 2019, Michelle Carroll ("Petitioner"), on behalf of J.W., a minor child, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged J.W. suffered "encephalopathy with residual seizure disorder and global developmental delay" as a result of the administration of pneumococcal conjugate, haemophilus b conjugate ("Hib-PRP-T"), inactivated polio ("IPV"), diphtheria, tetanus, acellular pertussis ("DTaP"), and rotavirus vaccinations on August 3, 2016, and DTaP/Hib/IPV, pneumococcal conjugate, and rotavirus vaccinations on October 11, 2016. Petition at Preamble (ECF No. 1). On July 31, 2025, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 181).

---

[1] When this Decision was originally filed, I advised my intent to post it on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a motion to redact certain information. This Decision is being reissued with that redaction. Except for that change and this footnote, no other substantive changes have been made. This Decision will be posted on the court's website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, with no further opportunity to move for redaction.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On October 6, 2022, Petitioner filed a motion requesting $150,424.55 in interim attorneys' fees and costs. (ECF No. 86). On March 10, 2023, Petitioner's motion was granted in part, and she was awarded $138,091.75. (ECF No. 103).

On October 20, 2025, Petitioner filed a final motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 186). Petitioner requests total attorneys' fees and costs in the amount of $160,641.05, representing $86,055.05 in attorneys' fees and $74,586.00 in attorneys' costs. Additionally, Petitioner warrants that no personal costs were incurred in pursuit of this claim. (ECF No. 185). Respondent filed his response on October 24, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, 4. (ECF No. 187). Petitioner filed a reply on October 29, 2025. (ECF No. 188).

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $148,462.88.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the

name of the person performing the service. See Savin v. Sec'y of Health and Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

**1. Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorneys at Siri & Glimstad, LLP: for Ms. Jessica Wallace: $275.00 per hour for work performed in 2022, $285.00 per hour for work performed in 2023, $320.00 per hour for work performed in 2024, and $359.00 per hour for work performed in 2025; for Mr. Christopher Williams: $376.00 per hour for work performed in 2024; and for Ms. Alison Haskins: $510.00 per hour for work performed in 2024. For paralegals, Petitioner requests the following rates: $174.00 per hour for work performed in 2022, $180.00 per hour for work performed in 2023, $187.00 per hour for work performed in 2024, and $195.00 per hour for work performed in 2025. These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

**2. Reasonable Hours Expended**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, the billing entries reveal several administrative tasks, such as organizing and/or formatting video evidence, filing documents, preparing USB drives and other exhibits for filing, reviewing or paying invoices for medical records, and faxing or mailing documents. See Ex. 74 at 9, 14, 16, 19, 32-34, 36, 42, 45. For example, on March 16, 2023, Ms. Wallace billed 1.00 hour to "prepare USB for Dr. D. Niyazov;" on August 15, 2023, a paralegal billed 0.10 hours to "file unopposed motion for extension of time with the Court;" on October 20, 2023, a paralegal billed 0.40 hours to "prepare three genetics reports as exhibit 44;" on February 13, 2024, a paralegal billed to "receive and review invoice from Variantxx for genome testing;" on June 14, 2024, a paralegal billed 1.00 hour to "prepare 16 photos of [J.W.] for exhibits; prepare videos by renaming in date order and deleting duplicates; prepare photo exhibits to be filed

before video exhibits; update exhibit number and name." Id. at 9, 14, 16, 19, 32. The issue of administrative billing entries is prevalent throughout the billing records.[3]

It is well established that "[c]lerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"); Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); Kerridge v. Sec'y of Health & Hum. Servs., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); Silver v. Sec'y of Health & Hum. Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Additionally, there are instances of duplicative billing for intra-office communications and/or meetings[4] which is "[u]nreasonably duplicative" and "excessive." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016) (reducing fee for "[u]nreasonably duplicative or excessive billing," which includes "attorneys billing excessively for intra office communications"). For example, on July 31, 2025, there are two entries by Ms. Wallace and her paralegal Ms. Ramos regarding reviewing the decision denying entitlement; and on August 6, 2025, there are two entries by Ms. Wallace and Ms. Ramos billing for the same internal meeting. See, e.g., Ex. 74 at 48. The undersigned notes that this is not an exhaustive list.

A special master need not engage in a line-by-line analysis of a Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests ... [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

[3] The following dated entries also reflect administrative tasks: 6/17/24; 6/18/24 (six entries by Ms. Wallace and Ms. Swanson regarding formatting photos, videos and preparing USB drives); 7/10/24 (two entries); 7/26/24; and 7/31/24. See Ex. 74 at 33-34, 36, 42, 45.

[4] For example, see entries dated July 31, 2025 (two entries by Ms. Wallace and her paralegal Ms. Ramos regarding reviewing decision denying entitlement). See also entries dated August 1, 2025; August 6, 2025 (two entries by Ms. Wallace and Ms. Ramos regarding an internal meeting). Fees App. Ex. 74 at 48. This is not an exhaustive list.

In this case, considering the aforementioned billing issues, the undersigned finds a 5% reduction in overall fees reasonable. This results in a reduction of **$4,302.75**.[5]

Petitioner is therefore awarded final attorneys' fees of **$81,752.30.**

### B. Attorneys' Costs

Petitioner requests a total of $74,586.00 in attorneys' costs comprised of acquisition of medical records, postage, genome testing, legal research fees, printing, the hearing transcript, and services provided by the following experts: Dr. Omid Akbari, Dr. Dmitriy Niyazov, and Dr. Yuval Shafrir. See Ex. 74 at 50-70. These costs require further discussion.

#### 1. Dr. Omid Akbari

Petitioner requests reimbursement for expert services provided by Dr. Omid Akbari at $550.00 per hour for 67.40 hours totaling $37,070.00. Dr. Akbari has been consistently (with a few exceptions) awarded a rate of $500.00 per hour for his work in the Vaccine Program. See, e.g., Bettinger v. Sec'y of Health & Hum. Servs., 23-1478V, 2025 WL 3267266, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2025); Colon Mercado v. Sec'y of Health & Hum. Servs., No. 20-395V, 2025 WL 3689121, at *4 (Fed. Cl. Spec. Mstr. Sep. 18, 2025); Baker v. Sec'y of Health & Hum. Servs., No. 21-1869V, 2025 WL 1513417, at *4 (Fed. Cl. Spec. Mstr. Apr. 29, 2025) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *5 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). The undersigned similarly concludes that $500.00 per hour remains a reasonable rate for Dr. Akbari's Vaccine Program work. Application of the foregoing results in a reduction of **$3,370.00**.[6]

#### 2. Dr. Dimitry Niyazov

Petitioner requests reimbursement for expert services provided by Dr. Dmitriy Niyazov at $400.00 per hour for 9 hours, and $500.00 per hour for 1 hour, totaling $4,100.00. Dr. Niyazov has been previously awarded a rate of $400.00 per hour for his work in the Vaccine Program. See, e.g., Sanchez by & through Sanchez v. Sec'y of Health & Hum. Servs.v. Sec'y of Health & Hum. Servs., No. 11-685V, 2021 WL 6211169, at *17 (Fed. Cl. Spec. Mstr. Dec. 8, 2021) Reed v. Sec'y of Health & Hum. Servs., No. 08-650V, 2019 WL 2500417, at *5 (Fed. Cl. Spec. Mstr. May 21, 2019). Petitioner did not provide any explanation for the increase in hourly rate for the one hour billed. The undersigned finds no reason to deviate from this previous reasoned determination. Therefore, all of the work performed Dr. Niyazov's in this case will be reimbursed at previously awarded rate of $400.00 per hour. This results in a reduction of **$100.00.**[7]

---

[5] This amount is calculated as: $86,055.05 x 5% = $4,302.7525 (rounded to $4,302.75).

[6] This amount is calculated as ($550.00-$500.00) x 67.40 hours = $3,370.00.

[7] This amount is calculated as ($500.00 - $400.00) x 1.00 hour = $100.00.

### 3. Dr. Yuval Shafrir

In the decision awarding interim attorneys' fees and costs in this case, Petitioner requested reimbursement for the 98 hours Dr. Shafrir spent preparing two expert reports at $450.00 per hour, totaling $44,100.00, which the undersigned granted in part and denied in part. Carroll ex rel. J.W., 2023 WL 2771034, at *5. At that time, Dr. Shafrir had consistently been reimbursed at a rate of $350.00 per hour for his work preparing expert reports in the Program. Id. The undersigned noted, however, that Dr. Shafrir had recently been awarded an increased hourly rate of $450.00 per hour. See id. citing Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023). Accordingly, the undersigned awarded an hourly rate of $450.00 for 2022, and $350.00 for 2019-2020, consistent with what he had been awarded in the past for those years, totaling $39,800.00. Id.

In the instant motion, Petitioner requests reimbursement of $26,405.50 for additional expert services provided by Dr. Shafrir. Ex. 75 at 51. Dr. Shafrir billed an additional 44.93 hours in 2024, including 32.35 hours at $450.00 per hour preparing for the entitlement hearing, and 12.58 hours at $600.00 per hour participating in the entitlement hearing. Id. at 69-70. This totals $22,105.50. The undersigned highlights the discrepancy in Petitioner's billing. Petitioner's request of $26,405.50 is the sum of Dr. Shafrir's total invoice for the entire case (142.93 hours, totaling $66,205.50), less the $39,800.00 that he had already been paid (this amount was awarded in the decision awarding interim fees, and included the $2,000.00 retainer and an interim payment of $37,800.00). However, the request of $26,405.50 does not factor in the $4,300.00 that was reduced from Dr. Shafrir's award in the decision awarding interim attorneys' fees and costs. The undersigned will not reimburse Petitioner for services that were previously denied. Thus, the undersigned finds that Dr. Shafrir's invoice should have totaled $22,105.50 for the additional 44.93 hours billed.[8] This results in a reduction of **$4,300.00**.

Turning to the substance of Dr. Shafrir's invoice, the undersigned finds that Petitioner's requested rate of $450.00 per hour for Dr. Shafrir's work preparing for the 2024 entitlement hearing to be consistent with his most recent previous awards, that rate is reasonable herein.

Additionally, Dr. Shafrir has been compensated at a higher rate for his testimony and attendance at entitlement hearings. See, e.g., Kinney v. Sec'y of Health & Human Servs., No. 18-1522V, 2025 WL 1305394, at *5-6 (Fed. Cl. Spec. Mstr. Apr. 11, 2025) (awarding Dr. Shafrir $600 per hour for his attendance at the entitlement hearing, and $450 per hour for work preparing for a 2023 entitlement hearing); Larsen v. Sec'y of Health & Human Servs., No. 19-56V, 2024 WL 5377991, at *3 (Fed. Cl. Spec. Mstr. Nov. 15, 2024) (awarding Dr. Shafrir $600 per hour for his attendance at the entitlement hearing, and $450 per hour for all other work completed); Walters v. Sec'y of Health & Human Servs., No. 15-1380V, 2022 WL 1077311, at *7 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (awarding Dr. Shafrir rates of $500 per hour for his attendance at the entitlement hearing and $350 per hour for all other work he completed in the

[8] This amount is calculated as (32.35 hours x $450.00) + (12.58 hours x $600.00) = $22,105.50.

case); Schwarz v. Sec'y of Health & Human Servs., No.18-619V, 2023 WL 7220173, at *6 (Fed. Cl. Spec. Mstr. Sept. 25, 2023) (awarding Dr. Shafrir $550 per hour for his attendance at the entitlement hearing, $450 per hour for all other work completed in 2021 and onward, and $350 per hour for all other work completed in 2020 and earlier). Accordingly, the undersigned finds that Petitioner's requested rate of $600 per hour for Dr. Shafrir's attendance and testimony at the 2024 entitlement hearing to be reasonable.

### 4. Remaining Costs

Petitioner has provided supporting documentation for the majority of the remaining costs, except for $105.42 in costs (including postage and legal research fees) that were not accompanied by the required documentation, such as an invoice or proof of payment. Therefore, reimbursement for these unsupported costs is denied. This results in a reduction of **$105.42**.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $86,055.05 |
| (Reduction of Fees) | ($4,302.75) |
| **Total Attorneys' Fees Awarded** | **$81,752.30** |
| | |
| Attorneys' Costs Requested | $74,586.00 |
| (Reduction of Costs) | ($7,875.42) |
| **Total Attorneys' Costs Awarded** | **$66,710.58** |
| | |
| **Total Attorneys' Fees and Costs** | **$148,462.88** |

**Accordingly, I award a lump sum in the amount of $148,462.88 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.